### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL PAUL BARIL, | ) | Chapter 13 |
| | ) | Case No. 09-20112 |
| Debtor. | ) | |

### OPINION

These matters came before me on the standing chapter 13 trustee's August 5, 2014 motion to dismiss (Docket Entry ("DE") 72) and debtor Daniel Paul Baril's September 30, 2014 motion for a hardship discharge (DE 77).  The parties submitted these matters to be decided on their stipulations.  The parties specifically declined to present any testimony or offer any additional evidence.

For the reasons set forth below, the motion for a hardship discharge is denied, and the motion to dismiss shall be granted.

### I.  JURISDICTION AND VENUE

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this district pursuant to 28 U.S.C. § 157(a).  D. Me. Local R. 83.6(a).  Venue here is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## II. FACTS

The debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code[1] on January 30, 2009. His chapter 13 plan, which was confirmed in June of 2009, provided for payments commencing on May 27, 2009 and extending through March of 2014 totaling $61,700.90. (DE 11). In addition, it required the debtor to contribute all tax refunds in excess of $1,200 per year. As of September 23, 2014, the debtor made plan payments totaling $59,294.86.

During the pendency of this case, the debtor received several tax refunds. He alleges that he used those funds to purchase a wood stove, a burial plot, and headstones for his 18-year-old son and his future mother-in-law (who died in 2001). The trustee is without information or belief as to those allegations and therefore denied them. All the debtor's assertions are contained in the pleadings, and he has not offered any other evidence.

The parties agree that the arrearage of $7,672.04 owed by the debtor pursuant to his plan is attributable to $3,331.04 of plan payments he did not make, and $4,341 in tax refunds which should have been contributed to the plan. The debtor made several efforts to obtain the funds to make up this deficiency but has been unsuccessful thus far.

## III. DISCUSSION

The debtor seeks entry of a hardship discharge pursuant to § 1328(b), which empowers the court to grant a discharge to a debtor who has not completed his payments under a chapter 13 plan only if:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that

---

[1] Unless otherwise noted, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, (the "Code"), 11 U.S.C. §101 et seq.

would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

The burden is on the debtor to prove these three elements. In re Roberts, 279 B.R. 396, 401(1st Cir. BAP 2002). Though the debtor paid a significant portion of the payments called for by his confirmed plan, he admits he still owes $7,672. He describes unfortunate facts and circumstances which he claims support his inability to make these payments. From an evidentiary point of view, however, it is unclear whether the debtor meets his burden of proof given that his allegations were denied by the trustee. The debtor could have attempted to establish the truth of his assertions through testimony or otherwise, but he has not done so and on this basis, his motion for a hardship discharge is on uncertain ground.

Even if I were to draw such inferences from the debtor's evidence that would construe all of the facts in a light most favorable to him, and I ignored the trustee's denials of the debtor's allegations, the hardship motion would not succeed. The evidence presented by the debtor does not overcome two of the three hurdles of §1328(b). First, it does not establish that his failure to complete his plan payments is due to circumstances for which he should not be held justly accountable. He has made no payments on his plan in over 14 months and has not provided any evidence to explain why this is so. Second, modification of the plan under § 1329 is impossible because 60 months has passed. 7 Norton Bankruptcy Law & Practice § 150:2 (3rd ed. 2015) ("Code § 1329 does not permit a debtor to extend payments over a period that expires after the applicable commitment period which began on the date that the first payment was due under the original plan. The court, however, may extend that period for good cause, but no longer than five

years after the first payment was due. The payment period is calculated from the date that the first payment was due under the original plan.").

The trustee urges me to now dismiss the case. Section 1307 governs dismissal of a chapter 13 case. Under § 1307(c), a court can covert or dismiss the case for cause, considering the best interests of the creditors. "Cause" includes, but is not limited to, a material default by the debtor with respect to a term of a confirmed plan. 11 U.S.C. §1307(c)(6). "Conversion or dismissal under this provision is not automatic; rather, it is a matter of the court's discretion." In re Grant, 428 B.R. 504, 506-07 (Bankr. N.D. Ill. 2010). Failure to make payments provided by for under the plan is a material default. Id., 428 B.R. at 507. The debtor could have attempted to amend his plan to reflect any change in financial circumstances he experienced during the pendency of his case. He did not. Between the date of the last plan payment made and the 60th month of his plan, the debtor could have made payments to reduce the accruing arrearage. He did not.

For these reasons, the trustee's motion is granted. This case shall be dismissed as of April 24, 2015 unless the debtor sooner converts his case to one under Chapter 7 of the Code or pays the Trustee the sum of $7,672.04.

A separate order shall enter

Dated:  April 10, 2014                    /s/  Peter G. Cary
                                          Peter G. Cary, Chief Judge
                                          United States Bankruptcy Court
                                          for the District of Maine